UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELITE PLASTIC SURGERY, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:18-cv-409 (TSE/TCB) |
| OTITA GABRIELA HUEY, | ) ) ) |
| Defendant. | ) ) |

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on Plaintiff's Motion for Default Judgment (Dkt. 9). After a representative for Defendant failed to respond to Plaintiff's motion or to appear at the hearing on June 15, 2018, the matter was taken under advisement.[1] For the reasons stated below, the undersigned U.S. Magistrate Judges recommends that Plaintiff's Motion for Default Judgment be GRANTED.

I. INTRODUCTION

A. Background

On April 10, 2018, Elite Plastic Surgery, LLC ("Plaintiff") filed this lawsuit against Otita Gabriela Huey ("Defendant"), alleging that Defendant failed to pay the agreed amount for medical treatment provided to her by Plaintiff. Plaintiff now seeks an entry of default judgment against Defendant for $116,748.00, plus interest from and after judgment, plus taxable costs. (Pl.'s Mot. Default J. at 5.)

---

1. Relevant filings before the Court include the Complaint (Dkt. 1) ("Compl."), the Motion for Default Judgment (Dkt. 9) ("Pl.'s Mot. Default J."), the Declaration of Amer Saba, M.D. (Dkt. 9-1) ("Saba Decl."), and all attachments and exhibits submitted with those filings.

1

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject-matter jurisdiction and personal jurisdiction over the defaulting parties, and venue must be proper.

The Court has subject-matter jurisdiction over this action. A court shall have subject-matter jurisdiction when an action involves a dispute between citizens of different states and the amount in controversy exceeds the sum of $75,000.00. See 28 U.S.C. § 1332(a). In this case, Plaintiff is a Virginia limited liability company with its principal place of business in Fairfax County, Virginia, and is therefore a citizen of Virginia. (Compl. ¶ 1.) Defendant is an individual who is a citizen of Illinois. (Compl. ¶ 2.) With regards to the amount in controversy, the amount exceeds $75,000.00 because the amount that Plaintiff seeks to be paid is $116,748.00. (Compl. ¶¶ 9, 17-18, 22-23.) Accordingly, the Court has subject-matter jurisdiction over this action.

The Court has personal jurisdiction over Defendant in this action. For personal jurisdiction over a defendant, the standards of both federal due process and the forum state's long-arm statute and must be satisfied. See Tire Eng'g & Distrib., LLC v. Shandong Linglong Rubber Co., 682 F.3d 292, 301 (4th Cir. 2012). Federal due process permits personal jurisdiction where a defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)). Virginia's long-arm statute, Virginia Code § 8.01-328.1, "extends the jurisdiction of its courts as far as federal due process permits." ePlus Tech., Inc. v. Aboud, 313 F.3d 166, 176 (4th Cir. 2002). With federal due process and Virginia's long-arm statute requiring the same standards, essentially only one personal jurisdiction inquiry is required. See id. The inquiry to find personal jurisdiction requires either specific jurisdiction "based on conduct

2

connected to the suit" or general jurisdiction based on "continuous and systematic" activities in the forum state. Tire Eng'g & Distrib., 682 F.3d at 301 (quoting ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 711 (4th Cir. 2002)). Defendant is an individual who received medical treatment at the Inova Fairfax Hospital in Fairfax County, Virginia, and this case involves Defendant's alleged nonpayment for that very medical treatment. (Compl. ¶¶ 4, 6-10.) Therefore, Defendant maintained sufficient contacts with Virginia based on conduct connected to this case for personal jurisdiction to be proper in Virginia courts, and so the Court has personal jurisdiction over Defendants under the specific jurisdiction inquiry.

Venue in this action is proper in this Court. Venue in a court is proper when the action is brought in a judicial district in which any defendant resides if all defendants are residents of the same state or in which a substantial part of the events or omissions giving rise to the action occurred. See 28 U.S.C. § 1391(b). In this case, venue in this Court is proper because a substantial part of the events giving rise to the claims in this case occurred in this Court's judicial district. (Compl. ¶ 5.)

### C. Service of Process

Before the Court can render default judgment, it must be satisfied that a defaulting party has been properly served. As a general rule, a defendant must be served with the summons and complaint filed with a federal court. See FED. R. CIV. P. 4. However, various avenues exist to serve a defendant.

In serving process to an individual within a judicial district of the United States, a plaintiff may deliver copies of the summons and complaint to an agent authorized by appointment or by law to receive service of process. See FED. R. CIV. P. 4(e)(2)(C). Under Virginia law, a plaintiff may make service of process on the Secretary of the Commonwealth if

Virginia may exercise personal jurisdiction over the party to be served. See VA. CODE § 8.01-329(A). To make service on the Secretary of the Commonwealth when the party to be served is a nonresident of Virginia, a plaintiff must file an affidavit with the court providing the last known address of the party to be served and stating either that the party to be served is a nonresident of Virginia. See id. § 8.01-329(B). As previously stated, Virginia may exercise personal jurisdiction over Defendant in accordance with its long-arm statute and Defendant is a nonresident of Virginia. Accordingly, Plaintiff provided copies of the summons and complaint to the Secretary of the Commonwealth, and Plaintiff also filed an affidavit with this Court providing the last known address of Defendant and stating that Defendant is nonresident of Virginia. (Dkt. 5.) Therefore, service of process on Defendant was proper as Plaintiff served the Secretary of the Commonwealth as an agent authorized to accept service by law for Defendant.

### D. Grounds for Default Judgment

The entry of default judgment may be appropriate when a defendant has failed to appear in a case. See FED. R. CIV. P. 55. To date, Defendant has not appeared or otherwise participated in these proceedings. On May 22, 2018, Plaintiff filed its Request for Clerk's Entry of Default (Dkt. 7), seeking an entry of default for Defendant. On May 23, 2018, the Clerk of the Court issued the Entry of Default (Dkt. 8) for Defendant. On May 23, 2018, Plaintiff filed its Motion for Default Judgment. The undersigned U.S. Magistrate Judge then held a hearing on Plaintiff's Motion for Default Judgment on June 15, 2018, at which no representative for Defendant appeared. Finding the matter uncontested, the undersigned took the matter under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Upon a full review of the pleadings and the record in this case, the undersigned finds that

4

Plaintiff has established the following facts.

Plaintiff is a Virginia limited liability company with its principal place of business in Fairfax County, Virginia. (Compl. ¶ 1.) Plaintiff's sole member is Amer Saber, M.D. ("Dr. Saba"), who is a citizen of Virginia. (Id.) Defendant is an individual who is a citizen of Illinois. (Id. ¶ 2.) On or about June 7, 2017, Defendant was admitted to Inova Fairfax Hospital in Fairfax County, Virginia, for injuries she had sustained that required medical treatment. (Id. ¶¶ 6-7.) That same day, Dr. Saba performed medical procedures upon Defendant at Inova Fairfax Hospital while acting for and as manager of Plaintiff. (Id. ¶ 8.) Dr. Saba's services on behalf of Plaintiff were rendered to Defendant with Defendant's knowledge, approval, and authorization. (Id. ¶ 11.) The services were necessary for Defendant's care and well-being. (Id.)

Plaintiff ultimately invoiced Defendant a total of $116,748.00 for the services rendered. (Id. ¶¶ 9, 14.) Plaintiff's invoices were proper statements of account for services rendered. (Id. ¶ 15.) Defendant did not raise any timely objections to the invoices. (Id.) Defendant has not paid the invoices despite Plaintiff's demands that she do so. (Id. ¶¶ 9-10.) Defendant has not provided Plaintiff with the $1,522.93 that Defendant had received directly from her health insurance company for the services provided by Plaintiff. (Id. ¶ 12.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

When a defendant has defaulted, the well-pleaded allegations of facts set forth in the plaintiff's complaint are deemed admitted. JTH Tax, Inc. v. Grabert, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). Before entering default judgment, however, the Court must evaluate the plaintiff's complaint against the standards of Federal Rule of Civil Procedure 12(b)(6) to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3

(E.D. Va. 2003). As such, it is appropriate to evaluate Plaintiff's action for declaratory judgment in its complaint against the standards of Federal Rule of Civil Procedure 12(b)(6).

Plaintiff asserts that Defendant is liable to pay Plaintiff $116,748.00 under the legal theory of action on account, or in the alternative, the legal theory of quantum meruit. (Pl.'s Mot. Default J. ¶ 17.) Because the alternative claims are before the Court on diversity jurisdiction, the choice-of-law rules of the forum state apply. See Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). An action on account is an action based in contract. See 1 AM. JUR. 2D Accounts and Accounting § 7. Quantum meruit is a quasi-contract claim, which is generally treated as arising out of contract. See Scott & Stringfellow, LLC v. AIG Commercial Equip. Fin., Inc., No. 3:10CV825-HEH, 2011 WL 1348324, at *4 (E.D. Va. Apr. 8, 2011). Therefore, Virginia's choice-of-law rules for contracts apply to both of Plaintiff's alternative claims. Under Virginia choice-of-law rules, generally, "the nature, validity, and interpretation of a contract is governed by the law of the place where made ... [a]nd, in Virginia, a contract is made at the place where the final act is done which necessary to make the contract binding." Hunter Innovations Co. v. Travelers Indem. Co. of Conn., 753 F. Supp. 2d 597, 602-03 (E.D. Va. 2010) (quotation marks and citations omitted). Plaintiff has established that the relevant contract involved in the claims for action on account and quantum meriut was formed entirely in Virginia. (Compl. ¶¶ 6-9.) Accordingly, Virginia contract law applies to both of Plaintiff's alternative claims.

Therefore, the undersigned considers the sufficiency of Plaintiff's action on account claim in accordance with Virginia law first, and then considers the alternative quantum merit claim in accordance with Virginia law.

### A. Action on Account

Plaintiff asserts that Defendant is indebted to pay Plaintiff $116,748.00 under the legal

theory of action on account, as Plaintiff has rendered services to Defendant with her knowledge and approval, the charges were proper and reasonable, and yet Defendant has not paid the invoices for the services she received. (Pl.'s Mot. Default J. ¶¶ 18-19, 22.)

Plaintiff provides no Virginia case law explaining the elements for an action on account claim, nor could the Court's own research reveal the specific elements for an action on account claim under Virginia law, and so the Court assumes that an action on account claim has the same elements in Virginia as it does in other states following the common law. As such, an action on account claim is substantially the same as any other contractual action, and for a successful claim, "[t]he plaintiff must show that there was an offer, acceptance, and consideration between the parties, as well as the correctness of the account and reasonableness of the charges." 1 AM. JUR. 2D Accounts and Accounting § 7.

Plaintiff has pled sufficient facts to support its action on account claim. In this case, Plaintiff offered to render medical services to Defendant, Defendant knowingly accepted Plaintiff's offer, and consideration between Plaintiff and Defendant existed. (Compl. ¶¶ 8, 11.) The unpaid account of $116,748.00 is the correct amount of invoices charged by Plaintiff, and the total charges are reasonable for the services performed. (Id. ¶¶ 9, 15.) Defendant has raised no timely objections to the amounts charged in the invoices as either being incorrect or unreasonable. (Id. ¶ 15.) Accordingly, Plaintiff is entitled to payment of the due amount in the account pursuant to the legal theory of action on account.

### B. Quantum Meruit

As an alternative to its action on account claim, Plaintiff also asserts that Defendant is indebted to pay Plaintiff $116,748.00 under the legal theory of quantum meruit, as Plaintiff performed valuable services for Defendant's benefit with her knowing approval and

authorization, and Defendant readily accepted and benefited from Defendant's services. (Pl.'s Mot. Default J. ¶¶ 20-22.)

Under Virginia law, quantum meruit is an equitable action that provides relief where one party has been unjustly enriched by the labor of another. Raymond, Colesar, Glaspy & Huss, P.C. v. Allied Capital Corp., 961 F.2d 489, 490-91 (4th Cir. 1992). To recover under quantum meruit, a plaintiff must show that "(i) he rendered valuable services, (ii) to the defendant, (iii) which were requested and accepted by the defendant, (iv) under such circumstances as reasonably notified the defendant that the claimant, in performing the work, expected to be paid by the defendant." Id. at 491. The doctrine is "based on equitable principles ... that a man shall not be allowed to enrich himself unjustly at the expense of another." Kern v. Freed Co., 299 S.E.2d 363, 365 (Va. 1983) (internal punctuation and citations omitted). Therefore, to recover under a quantum meruit action, the defendant must have been unjustly enriched. Datastaff Tech. Grp., Inc. v. Centex Const. Co., 528 F. Supp. 2d 587, 598 (E.D. Va. 2007).

Plaintiff has pled sufficient facts to support its quantum meruit claim. In this case, Plaintiff rendered valuable services to Defendant by Dr. Saba providing medical services to address injuries that Defendant had sustained. (Compl. ¶¶ 7-8.) Defendant knowingly approved and authorized Plaintiff to render such services for her benefit. (Id. ¶¶ 11, 21.) Under the circumstances, Plaintiff reasonably expected to be paid, Defendant knew the services provided by Plaintiff were valuable, and Plaintiff notified Defendant multiple times through sending invoices that it expected to be paid. (Id. ¶ 9-11, 20.) Overall, it is clear that Defendant was unjustly enriched at the expense of Plaintiff rendering to her valuable services and Plaintiff receiving no payment for them. Accordingly, Plaintiff is entitled to payment of the due amount in the account pursuant to the legal theory of quantum meruit.

IV. REQUESTED RELIEF

Plaintiff seeks payment by Defendant in the amount due of $116,748.00, plus prejudgment and post-judgment interest, and costs. (Compl. at 4; Pl.'s Mot. Default J. at 5.) Each type of requested relief is addressed in turn below.

A. Amount Due of $116,748.00

The $116,748.00 that Plaintiff seeks represents the unpaid invoices of services rendered by Plaintiff to Defendant with Defendant's approval. (Compl. at 4; Pl.'s Mot. Default J. at 5.) In assessing damages, "a district court entering a default judgment may award damages ascertainable from the pleadings." Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998). Plaintiff has provided detailed invoices of its services provided to Defendant their respective values. (Saba Decl. Ex. A.) Plaintiff has also provided the Declaration of Amer Saba, M.D., which affirms the monies owed to Plaintiff by Defendant to be $116,748.00. (Id. ¶ 9.) Therefore, the undersigned finds $116,748.00 to be the appropriate amount due, and that amount should be awarded to Plaintiff as damages.

B. Prejudgment Interest

Plaintiff seeks prejudgment interest by Defendant on the $116,748.00 amount due. (Compl. at 4; Pl.'s Mot. Default J. at 5.) State law of the forum state governs the award of prejudgment interest in diversity cases such as this. See United States v. Dollar Rent A Car Sys., Inc., 712 F.2d 938, 940 (4th Cir. 1983). Virginia's standard judgment interest rate from Virginia Code § 6.2-302 is 6 percent. Awarding Plaintiff prejudgment interest is appropriate in this case to ensure that Plaintiff receives the proper value of its damages suffered. Therefore, 6 percent prejudgment interest is appropriate relief for Plaintiff in this case.

C. <u>Post-Judgment Interest</u>

Plaintiff seeks post-judgment interest by Defendant on the $116,748.00 amount due. (Compl. at 4; Pl.'s Mot. Default J. at 5.) A court may allow post-judgment interest "on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Like with prejudgment interest, entitling Plaintiff to post-judgment interest is appropriate in this case to ensure that Plaintiff receives the proper value of the damages awarded against Defendant, regardless as to when Plaintiff may be able to collect such damages. The post-judgment interest is to be calculated in accordance with 28 U.S.C. § 1961.

D. <u>Costs</u>

Lastly, Plaintiff seeks the payment of its taxable costs incurred in bringing this lawsuit. (Compl. at 4; Pl.'s Mot. Default J. at 5.) Upon the entry of a judgment, a court is generally to award costs to the prevailing party. <u>See</u> FED. R. CIV. P. 54(d)(1). Because the undersigned recommends that default judgment be entered against Defendant, awarding Plaintiff its taxable costs incurred in bringing this lawsuit is likewise appropriate.

V. <u>RECOMMENDATION</u>

For the reasons stated above, the undersigned U.S. Magistrate Judge recommends default judgment be entered against Defendant. Specifically, the undersigned recommends Plaintiff be awarded $116,748.00 in damages, plus prejudgment and post-judgment interest, and costs.

10

VI. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send copies of this Report and Recommendation to Defendant at the following address of record:

    Otita Gabriela Huey
    1010 E. Schwarz Street
    Edwardsville, IL 62025

                                                  /s/
                                      Theresa Carroll Buchanan
                                      United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

July __, 2018
Alexandria, Virginia